# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:01CR15

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| MELVIN THOMAS LONG ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's "Demand to Show Cause Presented by Affidavit of Melvin Thomas Long," filed October 9, 2008.

The Court has reviewed the "Demand to Show Cause" and Defendant's "uncontested" Affidavit filed July 16, 2008,[1] both of which contain spurious and vitriolic allegations of fraud perpetrated on him by government officials and the Court, the denial of due process, "felony breach of fiduciary duty" by the Court, and embezzlement by the undersigned, along with other grievances. **See Demand to Show Cause,**

---

[1] Although the Defendant's "Demand" is a mishmash of legalize and diatribe against the Court, it appears he is demanding the Court answer the allegations set forth in this affidavit.

**at 2.** The Court finds Defendant's "Demand to Show Cause" to be frivolous and totally without merit.

The Defendant has been advised that prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions. **See Order, filed March 15, 2006, at 1-2 (citing *Demos v. Keating*, 33 F. App'x 918 (10th Cir. 2002); *Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001); *In re Vincent*, 105 F.3d 943 (4th Cir. 1997)).** The Defendant was also warned that future frivolous filings he submitted would result in the imposition of a pre-filing review system. **Order, *supra* (citing *Vestal v. Clinton*, 106 F.3d 553 (4th Cir. 1997)).** It appears to the Court the Defendant has failed to heed such warnings.

This Court has inherent power to control the judicial process and, specifically, to redress conduct "'which abuses the judicial process.'" ***Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).** "A federal court also possesses the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct. A court may invoke its inherent power in conjunction with, or instead of, other

sanctioning provisions such as Rule [11]." ***In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997) (internal citations omitted).** Indeed, a federal may do so *sua sponte*. **Chambers, supra.**

For the reasons stated in the previous Order of the undersigned in this matter, the Court imposes a pre-filing review system pursuant to its inherent power. Any future writings received from the Defendant will be reviewed by the Court prior to filing. Unless they are made in good faith and contain substance, they will not be filed. **Foley v. Fix, 106 F.3d 556 (4th Cir. 1997); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979); *In re Joseph Marion Head*, 770 F.2d 393 (4th Cir. 1985); *In re Joseph Marion Head*, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994).** Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. **See, 28 U.S.C. § 1651(a); *Judd v. U.S. Dist. Court for the Western Dist. of Texas,* 528 U.S. 5 (1999).**

**IT IS, THEREFORE, ORDERED** that, pursuant to the inherent powers of the undersigned, a pre-filing review system is hereby imposed as to any future filings submitted by the Defendant Melvin Thomas Long.

**IT IS FURTHER ORDERED** that the Defendant's "Demand to Show Cause" is hereby **DENIED**.

Signed: October 24, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge